UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/22/19
```

HERNAN REYES, MARLON ANDRES
ARMIJOS CARRION, AARON MIGUEL
FLORES, and AUGUSTIN CABRERA
*individually and on behalf of all other
employees similarly situated,*

                Plaintiff,

v.

400 WEST 14TH INC., *doing business as*
GASLIGHT, WILLIAM C. REDDY, DAVID
A. CURRAN, and MATTHEW REINES,

                Defendants.

No. 17-CV-0302 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Hernan Reyes, Marlon Andres Armijos Carrion, Aaron Miguel Flores, and Augustin Cabrera brought this action against Defendants 400 West 14th Inc., William C. Reddy, David A. Curran, and Matthew Reines for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and other state law wage and hour claims.[1] Presently before the Court is the parties' proposed settlement agreement. The Court finds that although the settlement amount and fee award are reasonable, the release provision is too broad, and the Court therefore cannot approve the settlement agreement at this time.

### DISCUSSION

    Employers who violate the FLSA's wage and overtime requirements are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. §

---

[1] Mr. Cabrera's first name has been inconsistently spelled by Plaintiffs' counsel. *Compare* Dkt. 1 *and* Dkt. 39, *with* Dkt. 69 *and* Dkt. 75. In future filings in this case, Plaintiffs shall indicate the correct spelling of Mr. Cabrera's first name.

216(b). Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Rubinov*, No. 15-CV-1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (citation omitted). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiffs a total of $55,000 in exchange for a mutual release of claims. Agreement ¶ 1. After attorneys' fees and costs are deducted, Plaintiffs would receive $36,173.67. Fairness Letter at 3. Under this agreement, Plaintiffs stand to recover approximately half of their maximum possible recovery. *Id.* at 2. This amount is reasonable in light of the risks of trial. *See Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The requested award of attorneys' fees and costs is also reasonable. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement

amount, which is an amount routinely approved under the percentage method" in this District, "particularly where it is pursuant to a previously negotiated retainer agreement." *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950, 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). The proposed settlement of $55,000 allocates $18,333 in fees to Plaintiffs' counsel, which amounts to approximately one-third of the settlement amount. The Court also notes that in the Second Circuit, a proper fee request entails "submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done," *Wolinsky*, 900 F. Supp. 2d at 336, which Plaintiffs have done. The proposed attorneys' fees are therefore reasonable.

The release provision in the proposed settlement agreement, however, is too broad. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiffs have agreed to waive "any and all charges, complaints, claims, causes of action, suits, dents, liens, contracts, rights, demands, controversies, losses, costs and or expenses . . . which Plaintiffs at any time ha[ve], had, claim[] or claimed to have against Defendants, including but not limited to NYLL and FLSA claims, that have occurred as of the Effective Date of this Agreement." Agreement ¶ 2(a). This provision "extends beyond the claims at issue in this action" and the Court will not approve it. *Id.*; *see also Lazaro-Garcia v. Sengupta Food Servs., et al.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (finding that an agreement requiring plaintiff "to waive essentially all claims that may have arisen out of his employment with Defendants" was not fair and reasonable).

Nor will the Court approve the overbroad release provision merely because it appears to have attempted—albeit unsuccessfully—to provide mutuality to the parties.[2] Although some courts in this District have approved sweeping release provisions on the basis of their mutuality, *see, e.g.*, *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123, 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016), this Court has expressly declined to do so, "'absent a sound explanation for how this broad release benefits the plaintiff employee,'" *Larrea v. FPC Coffees Realty Co.*, No. 15-CV-1515, 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (quoting *Gurung*, 226 F. Supp. 3d at 229). As the parties have not explained how the broad release provision benefits Plaintiffs, the Court will not approve it.

## CONCLUSION

For the reasons stated above, the Court will not approve the parties' settlement agreement at this time. The parties may proceed as follows no later than March 8, 2019:

1. The parties may file a revised settlement agreement that addresses the concerns expressed in this order;

2. The parties may file a joint letter indicating their intention to abandon the settlement agreement and continue pursuing this litigation; or

3. The parties may stipulate to a dismissal of this action without prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated:   February 22, 2019
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[2] The corresponding waiver provision releasing Defendants' claims states, in relevant part: "Defendants hereby . . . release[] . . . any charges . . . which Defendants at any time ha[ve], had, claim[] or claimed to have against Defendants." Agreement ¶ 2(b). This appears to be a typographical error.