# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165  
gnaydenskiy@faillacelaw.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

March 19, 2019

Hon. Ronnie Abrams  
United States District Judge  
40 Foley Square  
New York, NY 10007

**Re:** *Reyes et al., v. 400 West 14th Inc. et al.*; 17-cv-00302-RA

Your Honor:

  Our firm represents Plaintiffs in the above-referenced matter. In accordance with Your Honor's February 22, 2019 Order, please find the parties fully executed revised settlement agreement attached[1] as Exhibit A.

  We thank the court for the attention on this matter.

              Respectfully Submitted,

              _/s/ *Gennadiy Naydenskiy*_  
              Gennadiy Naydenskiy, Esq.  
              Michael Faillace & Associates  
              60 East 42nd Street, Suite 2540  
              New York, New York 10165  
              Tel: (212) 317-1200  
              Fax: (212) 317-1620  
              Email: gnaydenskiy@faillacelaw.com  
              *Attorneys for Plaintiffs*

---

[1] The parties only revised paragraphs 2.a and 2.b of the settlement agreement.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERNAN REYES, MARLON ANDRES ARMIJOS
CARRION, AARON MIGUEL FLORES, AND
AUGUSTIN CABRERA, *individually and on behalf
of others similarly situated*,

               Plaintiffs,

- against -

400 WEST 14TH INC. (D/B/A GASLIGHT),
WILLIAM C. REDDY, DAVID A. CURRAN,
PETE COLLINS, AND MATTHEW REINES,

               Defendants.

Index No.: 17-cv-00302

**SETTLEMENT AGREEMENT
AND RELEASE**

---

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs HERNAN REYES, MARLON ANDRES ARMIJOS CARRION, AARON MIGUEL FLORES, AND AUGUSTIN CABRERA ("Plaintiffs") on the one hand, 400 WEST 14TH INC. (D/B/A GASLIGHT), ("Defendant Corporation"), WILLIAM C. REDDY, DAVID A. CURRAN (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

    WHEREAS, Plaintiffs allege that they worked for Defendant 400 West 14th Inc. d/b/a Gaslight, as employees; and

    WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-CV-0302 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of

any and all New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") claims or NYLL and FLSA potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Fifty Five Thousand Dollars and Zero Cents ($55,000) (the "Settlement Amount") to be paid to Plaintiffs' attorneys within five (5) days the later of Court approval or the expiration of the revocation period.

2. a. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally releases from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities related to the claims asserted within the action, that have occurred as of the Effective Date of this Agreement.

b. Defendants hereby irrevocably and unconditionally releases from and forever discharge and covenant not to sue Plaintiffs and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Defendants at any time has, had, claims or claimed to have against Plaintiffs, in regard to Plaintiffs' employment during the relevant time period herein.

3. <u>Acknowledgments</u>. Plaintiffs acknowledge that they had 21 days to consider this agreement. Having elected to execute this Agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiffs freely and knowingly, and after due consideration and consultation with Plaintiffs' counsel, enter into this agreement intending to waive, settle and release all FLSA and New York labor law claims, and other claims set forth herein, Plaintiffs have or might have against releasees up to the date of execution of this negotiated settlement agreement.

4. <u>Revocation.</u> Plaintiffs may revoke this Agreement within seven (7) days from the date they sign this Agreement, in which case this Agreement shall be null and void and of no force or effect on either Defendants or Plaintiffs. Any revocation must be in writing and received by Defendants' counsel, Catania Facher, Esq., Alonso, Andalkar & Facher P.C., 42 Broadway Fl 18, New York, New York 10004, before the end of the seventh day after this Agreement is executed by Plaintiffs.

5. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. **Acknowledgments:** Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. **Notices:** Notices hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Catania Facher, Esq.
Alonso, Andalkar & Facher P.C.
42 Broadway Fl 18,
New York, New York 10004

9. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement. The parties agree that if 400 WEST 14TH INC. (D/B/A GASLIGHT), WILLIAM C. REDDY, or DAVID A. CURRAN breach Paragraph 1, Plaintiffs can re-open the case.

10. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. **Release Notification**: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFFS**

By: _____    Date: _____
HERNAN REYES

By: _____    Date: _____
MARLON ANDRES ARMIJOS CARRION

By: _____    Date: _____
AARON MIGUEL FLORES

By: _____    Date: _____
AUGUSTIN CABRERA

**DEFENDANTS:**

By: _____[signature]_____ President    Date: 3/7/19

400 WEST 14TH INC. (D/B/A GASLIGHT)

By: _____  Date: 3/7/19
WILLIAM C. REDDY

By: _____  Date: 3/7/19
DAVID A. CURRAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HERNAN REYES, MARLON ANDRES ARMIJOS CARRION, AARON MIGUEL FLORES, AND AUGUSTIN CABRERA, *individually and on behalf of others similarly situated*, | Index No.: 17-cv-00302 |
| Plaintiffs, | SETTLEMENT AGREEMENT AND RELEASE |
| - against - | |
| 400 WEST 14TH INC. (D/B/A GASLIGHT), WILLIAM C. REDDY, DAVID A. CURRAN, PETE COLLINS, AND MATTHEW REINES, | |
| Defendants. | |

---

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs HERNAN REYES, MARLON ANDRES ARMIJOS CARRION, AARON MIGUEL FLORES, AND AUGUSTIN CABRERA ("Plaintiffs") on the one hand, 400 WEST 14TH INC. (D/B/A GASLIGHT), ("Defendant Corporation"), WILLIAM C. REDDY, DAVID A. CURRAN (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

      WHEREAS, Plaintiffs allege that they worked for Defendant 400 West 14th Inc. d/b/a Gaslight, as employees; and

      WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-CV-0302 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of

any and all New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") claims or NYLL and FLSA potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Fifty Five Thousand Dollars and Zero Cents ($55,000) (the "Settlement Amount") to be paid to Plaintiffs' attorneys within five (5) days the later of Court approval or the expiration of the revocation period.

2.  a. <u>Release and Covenant Not To Sue</u>:  Plaintiffs hereby irrevocably and unconditionally releases from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities related to the claims asserted within the action, that have occurred as of the Effective Date of this Agreement.

b. Defendants hereby irrevocably and unconditionally releases from and forever discharge and covenant not to sue Plaintiffs and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Defendants at any time has, had, claims or claimed to have against Plaintiffs, in regard to Plaintiffs' employment during the relevant time period herein.

3.  <u>Acknowledgments</u>. Plaintiffs acknowledge that they had 21 days to consider this agreement. Having elected to execute this Agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiffs freely and knowingly, and after due consideration and consultation with Plaintiffs' counsel, enter into this agreement intending to waive, settle and release all FLSA and New York labor law claims, and other claims set forth herein, Plaintiffs have or might have against releasees up to the date of execution of this negotiated settlement agreement.

4.  <u>Revocation.</u>  Plaintiffs may revoke this Agreement within seven (7) days from the date they sign this Agreement, in which case this Agreement shall be null and void and of no force or effect on either Defendants or Plaintiffs.  Any revocation must be in writing and received by Defendants' counsel, Catania Facher, Esq., Alonso, Andalkar & Facher P.C., 42 Broadway Fl 18, New York, New York 10004, before the end of the seventh day after this Agreement is executed by Plaintiffs.

5.  <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6.  <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. <u>Acknowledgments:</u>   Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices:</u>   Notices hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Catania Facher, Esq.
Alonso, Andalkar & Facher P.C.
42 Broadway Fl 18,
New York, New York 10004

9. <u>Governing Law:</u>   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement. The parties agree that if 400 WEST 14TH INC. (D/B/A GASLIGHT), WILLIAM C. REDDY, or DAVID A. CURRAN breach Paragraph 1, Plaintiffs can re-open the case.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS,

By: _____   Date: 3/11/19
HERNAN REYES

By: _____   Date: 3/14/19
MARLON ANDRES ARMIJOS CARRION

By: _____   Date: 3/19/19
AARON MIGUEL FLORES

By: _____   Date: 3/11/19
AUGUSTIN CABRERA

DEFENDANTS:

By: _____   Date: _____

400 WEST 14TH INC. (D/B/A GASLIGHT)


By: _____          Date: _____
WILLIAM C. REDDY


By: _____          Date: _____
DAVID A. CURRAN